### AARON D. DAVIDSON v. NATHANIEL SCHENCK.

In an action of trespass *quare clausum fregit* and for cutting down plaintiff's trees, &c., the defendant justified as an overseer of the highways, alleging that a highway had been laid out partly through land of the plaintiff, and had been duly returned and recorded, and that the surveyors had caused it to be marked at proper distances in the line of the same according to law, and that defendant had opened said highway on the plaintiff's land according to and within the line as marked by the said surveyors, doing no unnecessary damage, &c.; the plea was not traversed, but the plaintiff made a new assignment, setting forth that the action was brought not only for the trespasses attempted to be justified by the plea, but for that the defendant, on other occasions and in a greater degree and to a greater extent, and in other parts of the close had entered and cut down trees, &c., to which the defendant pleaded not guilty. . It was held that the plaintiff, by his new assignment admitted the truth of the defendant's special plea, and that it stood as a justification of all the trespasses to which it applied; and that no trespass having been proven to which it did not apply, the defendant was entitled to a verdict.

Davidson v. Schenck.

In error to the Mercer Circuit Court.

A verdict and judgment having been rendered in this case by the Circuit Court of the county of Mercer, in accordance with the ruling of Judge Brown, a writ of error was brought, which was argued by *A. G. Richey*, for plaintiff in error, and by *E. W. Scudder*, for defendant.

ELMER, J.   To a declaration in an action of trespass *quare clausum fregit*, for cutting plaintiff's wood, &c., on divers days and times, the defendant answered by the plea of not guilty and two pleas in justification. The second plea set up as a justification, that the alleged trespasses were lawfully committed by him as an overseer of the road in clearing out a public highway, duly laid out and recorded. In answer to this the plaintiff made a new assignment. The third plea set up as a justification, that defendant was overseer of the highways, and that certain surveyors of highways who were named, laid a public road in the said township, being in part through the land of said plaintiff, and made a return of the same pursuant to the statute, which said return was duly recorded, &c., and that the said surveyors of the highways caused the said public highway to be marked at proper distances in the line of the same by certain stakes, &c., and that the said defendant, as such overseer, at the said times when, &c., entered and opened the said public highway over and upon the lands of the said plaintiff, according to the line of said road marked by said stakes, &c., and cut down and removed the same, &c., upon and within the line of said highway so designated as aforesaid, &c., doing no unnecessary damage, as it was lawful for the defendant to do. No part of this plea was traversed, but the plaintiff made a new assignment, setting forth that he brought his action, not only for the trespasses attempted to be justified by this third plea, but also that the said defendant on the said days, &c., on other and different occasions than those in said plea mentioned, and in a greater degree and to a greater extent, and with more force and violence

than was necessary for opening the said highway in the said plea mentioned, committed the said several trespasses in said third plea mentioned, and also for that the said defendant on the said days, &c., broke and entered the said close of plaintiff and cut down trees, &c., on other and different occasions and for other and different purposes than in said third plea mentioned, and in other and different parts of the said close out of the said public highway, in manner and form, &c. The defendant pleaded to these new assignments not guilty.

On the trial it appeared that the defendant committed the alleged trespasses as overseer, in attempting to clear out the road staked and marked on the plaintiff's ground by the surveyors, but that the road, as thus marked, varied from the road returned and recorded, so that although the cutting &c., was within the limits of the road as marked, it was outside of the road actually laid out and returned. Had the case depended on the defence set up by the first and second pleas, no question was made but that the plaintiff was entitled to a verdict; but the defence rested on the new assignment in answer to the third plea and the issue joined thereon. The judge laid down the law in his charge to be, that the plaintiff's new assignment admitted the truth of this plea, and it therefore stood as a justification of all the trespasses to which it applied, and that no trespass having been proved to which that plea did not apply, the defendant was entitled to a verdict. To this ruling the plaintiff's counsel excepted, and he also requested the judge to charge the jury, that the gist of the plea was not that the said road was opened in the line of it as staked out, but that the said road was staked in the line of it as returned, and he excepted to the judge's refusal so to charge.

The judge was also requested to charge, that by his replication the plaintiff did not admit, that the said stakes were put in the line of said road and the road opened by said stakes; but he refused so to charge, and on the contrary he charged that by his said replication the plaintiff admitted both of said propositions, viz., that the stakes were put in the line of

Davidson v. Schenck.

the road and the road opened by the stakes, to which refusal and charge exception was taken.

Judge Haines has stated the law in relation to new assignments in accordance with the authorities and the reason and nature of the proceeding, in the case of *Stultz* v. *Bucka-lew*, 4 *Dutcher* 152. He says, the effect in general is to admit that one of the apparent trespasses has been justified, and it operates as an entire waiver and abandonment of that particular trespass. And Stephens, in his Treatise on Pleading, relied on by the plaintiff's counsel, tells us that it seems to be more properly considered as a repetition of the declaration, differing only in this, that it distinguishes the true ground of complaint as being different from that which is covered by the plea.

The third plea covers acts committed by entering and opening "the said public highway," that is to say, a highway previously alleged to have been laid by the surveyors and returned and recorded, which said public highway said surveyors caused to be marked at proper distances in the line of the same. The allegation that the alleged trespasses were committed in opening a public highway not only as it was laid and returned and recorded, but as it was marked on the ground, could not have been easily made more plain and explicit. By waiving and abandoning the trespasses thus justified, and claiming for trespasses committed upon other and different occasions, and for other and different purposes and in other and different parts of his close, the plaintiff necessarily admitted that the said public highway was not only laid out and returned and recorded, but that it was marked in the line of the same as the plea avers. The gist of the plea was that the road was duly laid and that it was staked in the line of it as returned. These allegations might have been traversed and thus put in issue; whereas by passing them over and newly assigning a different trespass, they were admitted and could not be drawn in question before the jury. The case stood, upon the new assignment, as if the plaintiff had set forth in his declaration that certain surveyors had laid out,

returned, and marked, on his close, a certain public highway, and that the defendant, although professing to be overseer in the performance of his duty in clearing out said highway so laid out, returned, and marked, had committed trespasses on other parts of his said close. Can it be doubted, that to entitle himself to a verdict on such a declaration, he must have shown trespasses outside of the highway actually marked on the ground? The case would have turned entirely on what premises were described and not upon the legality or accuracy of the proceedings of the surveyors. The burthen of proof would then have been on the plaintiff to show trespasses outside of the highway as marked; and so upon the issue joined upon the new assignment, the burthen of proof was on the plaintiff to show trespass outside of the highway, alleged in the plea to have been laid out and marked. It not being pretended that there was any such proof, it follows that the judge committed no error in charging the jury that the defendant was entitled to a verdict on this issue.

The argument relied on by the counsel for the plaintiff was, that by the new assignment he only admitted the justification of such apparent trespasses as had been committed within the limits of the highway duly laid out and returned, because only such could be legally justified by the overseer. But the question on the issue, as it was framed, was not what apparent trespasses could be legally justified, but what were attempted to be justified. Where the owner of the close disputes the right of way claimed by the defendant in his justification, and means to insist that the defendant has also committed trespasses in other parts, besides those in which he claims the right of way, he must traverse the right of way and newly assign the other trespasses. 1 *Saund.* 300, *n.* 6. If the declaration set forth but one trespass, which the defendant justifies, there can be no new assignment, because that would be a departure from the trespass complained of. 10 *East* 80.

Upon the principle of this argument the plaintiff might

have proved that no highway was ever laid out, returned, or recorded, over his close, for this would have shown that the defendant had no such justification as he alleged. But this would have been wholly inconsistent with the effect and meaning of the allegation in the new assignment; which, without any traverse of the highway claimed by the defendant to exist where the surveyors had laid out and marked it on the ground, by which omission such highway as was claimed was conceded, averred that trespasses were committed outside of said highway. The gist of this plea is not like that of the second plea, which describes a highway according to the descriptions contained in the recorded return, and avers the cutting to be within it; but that a highway was laid out, returned, and marked at proper distances in the line of the same by certain stakes, &c., and that the defendant entered and opened the said highway according to the line of said road marked by said stakes, &c. If the plea set up no good justification, it was open to the plaintiff to test that question by a demurrer; or he might have replied that the alleged highway, marked by stakes, &c., was not the highway laid out, returned, and recorded, or that no highway was ever laid out and returned. Having taken the course of alleging trespasses outside of the highway claimed, he shut himself up to proof that corresponded with his allegation.

In my opinion judgment must be affirmed.

Vredenburgh, J., concurred.

Van Dyke, J., dissented.

Cited in *Browning's Executor* v. *Rittenhouse*, 11 *Vroom* 234.